IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RACHEL EDREI OHANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-822 (JLH) |
| | ) |
| MARS PETCARE US INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Rachel Edrei Ohana, of Brooklyn, New York, initiated this civil action by filing a complaint *pro se*, with a request to proceed *in forma pauperis*, in the Southern District of New York. (D.I. 1, 2.) The court granted Plaintiff leave to proceed *in forma pauperis* and leave to amend the complaint because it was unclear from the pleading what claims Plaintiff intended to assert. (D.I. 3, 4.) In response, Plaintiff filed an amended complaint, which is now the operative pleading. (D.I. 5.) The court then transferred the case to this District, after which time the case was assigned to this Court. (D.I. 6.)

The amended complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails or state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in her favor, and asks only whether the amended complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the amended complaint, Plaintiff came up with a design for a cat food container, and she contacted Defendant Mars Petcare US Inc. in January 2019 to offer her design

idea to the company. (D.I. 5 at 9.) In February 2019, Plaintiff received a response from Defendant Ana, a consumer relations representative for Defendant Mars Petcare, informing Plaintiff that "at th[at] time, [Defendant Mars Petcare was] not accepting inventions or ideas from consumers." (*Id.* at 10.) Plaintiff then discovered a cat food container online that was sold by Mars Petcare, which appeared to be "strikingly similar" to her proposed designed, so in or around December 2019, she reached out to the company again to follow up. (*Id.* at 9; *see also id.* at 5, 11.) This time, Plaintiff received a response from Defendant Sheri, a Consumer Relations representative for WHISKAS, a subsidiary of Mars Petcare. (*Id.* at 11.) According to the complaint, "they claimed that they ha[d] this design invented in 2015." (*Id.* at 9.)

"This ordeal dealt a severe blow to [Plaintiff's] motivation and faith in the realization of [her] product." (*Id.* at 12.) "Coupled with [her] physical condition—Muscular Dystrophy," "the situation has exacerbated [Plaintiff's] stress and underscores the urgency of seeking a partnership to stabilize [her] economic standing." (*Id.*) Plaintiff seeks "to effect positive change in [her] life, addressing both [her] health concerns and financial stability," by way of this civil action. (*Id.*)

Plaintiff initially indicated that this case presents a federal question (*see* D.I. 1 at 2), but this Court has "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This Court must dismiss an action any time it determines subject matter jurisdiction is lacking. *See* FED. R. CIV. P. 12(h)(3). Holding the *pro se* amended complaint to a less stringent standard than formal pleadings drafted by lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), no substantial federal question can be discerned from the amended complaint for jurisdictional purposes, *see Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and

raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question).

The amended complaint merely establishes that Plaintiff had a genuine interest in a business partnership with Defendant Mars Petcare and that she was negatively affected when Defendant declined Plaintiff's offer and had a design on the market that was like Plaintiff's idea. Without more, this does not suggest any actionable federal claim. Accordingly, the Complaint must be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff will be afforded one final opportunity to amend her pleading to state a claim over which this Court has jurisdiction.

NOW, THEREFORE, at Wilmington, on this 7th day of July 2025, IT IS HEREBY ORDERED that the amended complaint (D.I. 5) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to file a second amended complaint on or before August 6, 2025.

_____
The Honorable Jennifer L. Hall
United States District Judge